ALTA WELTY, RESPONDENT, v. S. H. KRESS & COMPANY, APPELLANT.*

Kansas City Court of Appeals.    June 6, 1927.

*Corpus Juris-Cyc References: Appeal and Error, 4CJ, p. 1049, n. 81; Master and Servant, 39CJ, p. 313, n. 21; p. 314, n. 22; p. 469, n. 76; p. 794, n. 7; p. 1220, n. 67; p. 1222, n. 87; p. 1251, n. 9, 18; Trial, 38Cyc, p. 1657, n. 47; p. 1779, n. 76.

*W. M. Bowker* and *A. E. Elliott* for respondent.

*Ewing, Ewing & Ewing* for appellant.

ARNOLD, J.—This is an action in damages for personal injury alleged to have been received by plaintiff through negligence of defendant.

The record discloses that defendant is a corporation organized and existing under the laws of the State of Missouri, engaged in conducting a general merchandise business at Nevada in Vernon county. On August 29, 1924, and for some time prior thereto, plaintiff was in the employ of defendant as clerk and saleswoman and in the performance of her duties had charge of the hardware and tinware counters.

On the date above named, while acting as such clerk and saleswoman, plaintiff had occasion to separate some graniteware pans which had come from the stock room nested together. That is to say, the pans were closely set one within another, to the number of half a dozen or more. The testimony shows that when a customer desired to purchase one of the pans, it became necessary for the sales person to separate one from the nest wherein they were so tightly set and stuck that it required the use of a sharp pointed instrument inserted between the edges, or pressure of some kind, to effect a separation.

Plaintiff testified she was shown by the manager of defendant's store how to separate them by the insertion of a screw driver used as a pry between the pans. The manager, testifying for defendant, denied that he gave plaintiff such instructions. The testimony shows that in prying the pans apart with a screw driver on said date, a piece of enamel flew off and struck plaintiff in the right eye, imbedding itself therein and causing permanent injury.

The petition charges it was the duty of defendant to furnish plaintiff a reasonably safe place in which to work, to provide a reasonably safe method of doing her work, and to warn her of any dangers not patent or apparent to her and which were known, or in the exercise of ordinary care, should have been known to defendant; that on August 29, 1924, in the performance of her duties, she had occasion to separate some granite pans which were stuck together, and that she was directed by defendant's manager and agent to use a screw driver for that purpose; that such was the general method and usage provided for separating such pans in such condition in defendant's store; that she did use a screw driver as so directed and as provided for such use by defendant; and that, as she pried the pans apart, a piece of granite flew loose from said pans and struck her in the right eye, severely injuring her; that such granite pans when pressed and pried apart by a steel instrument, such as a screw driver, were likely to chip and that such chips were liable to fly and injure the person so using the same, and that such fact was known to defendant and unknown to plaintiff. The petition charges negligence, as follows:

" . . . that said defendant was guilty of negligence in not

warning the plaintiff of the dangers in separating the pans as aforesaid; that said defendant was guilty of negligence in this, that prying said pans loose with a steel screw driver was not a reasonably safe method in which to separate said pans, and was not a reasonably safe method of performing such work; that a safe method of separating said pans and unattended with the dangers aforesaid could have been provided by the defendant for separating the same; that it was the duty of the defendant to furnish the plaintiff with a reasonably safe place in which to work and with reasonably safe appliances with which to work; and that said defendant was guilty of negligence in sending said pans down and placing them upon the counter for plaintiff to handle as a saleswoman without having first separated the same."

It is charged the injury caused plaintiff's eye to become inflamed and caused her to suffer intense pain and agony, that it has affected the sight of said eye and that said injuries are permanent. It is alleged plaintiff incurred doctor bills and expenses in the treatment of said injury to the amount of $234. Damages are sought in the sum of $2999.

The answer admits defendant's corporate *status* and that plaintiff was employed by said corporation as alleged in the petition; but specifically denies that defendant failed to furnish plaintiff a reasonably safe place in which to work, or to notify her of any dangers not patent to her in connection with her work. The answer further denies that through its agent or manager plaintiff was instructed, or directed, to separate the granite pans with a screw driver; denies that granite pans such as plaintiff was handling are liable to chip or break when pried apart with an instrument such as plaintiff was using; denies it was the general method and usage in defendant's store to use a screw driver in separating such pans; denies that defendant had knowledge of any danger incident to the use of a screw driver in separating granite pans, such as plaintiff was handling, when such pans are stuck together, and denies that defendant was negligent in any particular.

The answer avers that defendant furnished plaintiff a reasonably safe place in which to work, that the work in which plaintiff was engaged was not of a dangerous character such as to cause anyone to apprehend danger in the discharge thereof; denies defendant was guilty of negligence in not separating the pans before sending them from the stock room to the counter, and generally denies every allegation in plaintiff's petition except such as are admitted in the answer to be true. The answer further pleads assumption of risk and contributory negligence.

Upon these pleadings the cause was tried to a jury, resulting in a verdict and judgment for plaintiff in the sum of $750. A motion for a new trial was ineffectual and defendant has appealed.

The first charge of error is directed against plaintiff's instruction "A" on the ground that it assumes as a fact an issue which was controverted. Said instruction reads as follows:

"The court instructs the jury that the plaintiff does not assume any risk caused by the negligence of the defendant, and if you believe and find from the evidence that the method provided by the defendant for the separation of defendant's granite pans was not a reasonably safe one, then the defendant would be guilty of negligence in providing such method, and if you further believe and find from the evidence that the plaintiff was directed to use such method she could not be held to assume such risk, if any, in using such method unless same was so glaringly dangerous that a reasonably prudent person would not have used the same."

The point argued is that the instruction assumes that defendant provided a method of separating the pans and that this was a controverted issue in the pleadings and evidence. We think the instruction does offend in the manner charged, in that it assumes the defendant provided a method for separating the pans. The rule is elementary that an instruction which assumes a controverted fact to be true is erroneous, and it is evident this instruction falls short of compliance with this rule.

It is also urged that plaintiff's instruction "B" is erroneous and prejudicial in that it contains the same vices as complained of in instruction "A." The charge is directed against the latter part of the instruction which reads as follows:

" . . . and if you find that plaintiff in trying to separate the pans furnished her for sale by the method aforesaid provided by the defendant in using a screw driver to separate such pans that a piece from said pans was chipped by pressing a screw driver against the same to separate them and struck plaintiff in her right eye and injured the same, then your verdict should be in favor of the plaintiff," etc.

It is charged that the portion of the instruction just quoted assumes that the method used by plaintiff was the method provided by defendant. Of course one may not be permitted to take an isolated sentence in an instruction and predicate error thereon. The instruction must be taken as a whole and so construed. Note the language used:

"That if you believe from the evidence that at the time complained of plaintiff was engaged as a saleslady in defendant's store, and that in the performance of her duty she was required to sell granite pans that were in the stock of the defendant, and that said granite

pans as furnished to the plaintiff to sell, were stuck together and had to be separated when plaintiff found a customer for the same, and you further find that the plaintiff was directed by the agents of the defendant to separate said pans by placing a screw driver between said pans and prying the same apart, and that this was the method provided and used in said store for the separation of granite pans when they stuck together as aforesaid,'' etc. Thus it is found that the controverted facts were required to be found by the jury.

It is further charged that instruction ''B'' contains reversible error because it makes defendant liable if the method used by plaintiff in separating the pans was not a reasonably safe one, notwithstanding defendant may not have had knowledge that it was unsafe, or by the exercise of ordinary care would have made such discovery. We think this contention without merit. The test of a master's liability is not whether or not there is a better or less dangerous way, but whether or not the method employed was reasonably safe; and whether or not the master was negligent in ordering and directing the plaintiff to perform the work in the manner in which he was ordered and directed to perform it. [Luff v. Foundry Co., 204 S. W. 596.] The instruction was not erroneous in this respect. Defendant's citations in support of its charge do not apply in that they are cases where an appliance furnished the servant was out of repair, or the conditions of the place of work became defective or out of repair. In such cases the master is not guilty of negligence since he has no actual or constructive knowledge of such condition or defects. Here, plaintiff contends she was directed to do her work by a method prescribed by the master, and that the master was required to know whether or not the method chosen by him was a reasonably safe one; while defendant maintains that although a method might have been prescribed which was not reasonably safe, the master is not liable unless it knew the method was not reasonably safe, or was dangerous.

It cannot be successfully contended that when a master lays down rules and methods for doing his work, he is exonerated from liability unless he knows they are not reasonably safe. He is bound to know whether such rules and methods are reasonably safe, or liability attaches. It is argued that the master is not an insurer of the safety of the appliance furnished, and that his duty is discharged when he has exercised ordinary care in this regard. There can be no doubt that this is the rule, but we find the instruction complained of was not violative of it because it is found to require defendant to furnish a method that was reasonably safe, in directing its employees to do their work.

It is also contended the court erred in refusing defendant's instruction ''L'' as offered and in giving said instruction as modified by

adding the words "unless she was directed to use the screw driver to separate the pans." The instruction as given is as follows:

"The court instructs the jury that, if there were other ways and methods to separate the pans in question, than by the use of the screw driver, that were reasonably safe, and that such other methods were known to, and available to plaintiff, and that she was at full liberty to choose her method for such separation, and she chose to separate same by using a screw driver, then she is not entitled to recover, and your verdict must be for defendant, unless she was directed to use the screw driver to separate the pans."

The amendment by the court, complained of, did not change the meaning of the instruction in any respect, but simply made it clearer by explaining to the jury that plaintiff was not at full liberty to choose her own method for the separation of the pans if she was directed to use the screw driver for that purpose.

Error is directed against the ruling of the court in refusing defendant's instruction No. 7. This instruction was erroneous because it required a finding that defendant had actual knowledge of the dangerous method of using a screw driver to separate the pans. We have already discussed this phase of the case and it is unnecessary to prolong the discussion. The same ruling applies to defendant's point 5, as to defendant's refused instruction No. 8, on the assumption of risk. The instruction was erroneous in that it declared the law to be that whatever risk, if any, incident to the separation of the pans in question and the manner in which this was done by plaintiff, was as well known to plaintiff as to defendant, and that plaintiff assumed any such risk. This part of the instruction does not correctly declare the law. It is plaintiff's position, and the correct one, that the servant has a right to rely upon the superior knowledge of the master and may not be convicted of negligence in using a method directed by the master unless the danger is so apparent that an ordinarily careful and prudent person would not use it. The instruction was improper. [Peters v. Hooven, etc., Co., 281 S. W. 71; Dales v. Ry. Co., 169 Mo. App. 183.]

It is charged the court erred in refusing defendant's instruction No. 9 which sought to withdraw from the jury the question of negligence on the part of defendant in not separating the pans in question before they were brought from the stock room to plaintiff's sales counter, on the ground that there was no evidence to sustain this allegation of the petition. We think this contention without merit. While there was such an allegation in the petition, no such issue was presented to the jury, and therefore the defendant could not be prejudiced by refusal to give the instruction.

Finally, it is contended that the court erred in refusing to give defendant's peremptory instruction in the nature of a demurrer at

the close of all the evidence. What we have said above in disposing of other points raised on this appeal renders unnecessary a further discussion of this charge. By reason of error in plaintiff's instruction "A," the judgment is reversed and the cause remanded. *Bland, J.,* concurs; *Trimble, P. J.,* absent.